[Crim. No. 5261.   Second Dist., Div. One.   Mar. 29, 1955.]

THE PEOPLE, Respondent, v. ALBERT MARSHALL et al., Defendants; MYRON L. TRACY et al., Appellants.

Gladys Towles Root for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DRAPEAU, J.—The complaining witness in this case, a woman, was going home with her husband in an automobile. They had been partying and drinking, but neither was intoxicated. The time was after midnight.

When about a block away from their home the couple got into an argument whether or not the wife should drive the car. She wanted to try the automatic gear shift. When her husband refused to let her drive she got mad, and started to walk the rest of the way home.

Then four men in another automobile came along. They threatened the husband with bodily harm, forced his wife into their car, and did not bring her home to her husband and two children for hours.

Without going into the bestial details of what was done to this woman, suffice it to say that the four men were charged in an information filed by the district attorney with kidnapping, rape, and the commission of the crime denounced in section 288a of the Penal Code.

Before the case was brought to trial it appeared that one of the men left the party before any harm was done to the woman, and the case was dismissed as to him.

The three others went to trial before a jury, were convicted of violating Penal Code, section 288a, and acquitted of the other charges. Proceedings were suspended, and probation granted with the first year to be served in the county jail.

These three defendants appealed from the conviction.

After the appeal was perfected it was dismissed as to one of them at his request.

So this opinion has to do with two defendants only, Simpson and Tracy.

So far as Simpson is concerned, the evidence substantially supports his conviction, and there was no error in his case.

■ Tracy admitted an act of sexual intercourse with the complaining witness. She said it was forced; he said she consented. He denied any violation of Penal Code, section 288a. She testified that defendants other than Tracy compelled her to commit this act. So for the purposes of this appeal it may be deemed that Tracy did not actually compel the woman to commit this crime with him.

But he was the driver of the automobile. He took part in forcing the woman into his car. He participated in other acts to which she testified, and he certainly aided and abetted in the commission of the crime of which he was convicted.

His denial is completely disposed of by the rules to be found in *People* v. *Mummert,* 57 Cal.App.2d 849, 855 [135 P.2d 665]. That was a rape case, but the same rules must be applied in the circumstances in this case.

Tracy further contends that the information is defective, in that he was not specifically charged with violating Penal Code, section 288a. This contention is likewise without merit.

The information charges the specific act by Simpson and that Tracy "aided and abetted the said perpetrator in the commission of said offense."

Our Penal Code provides that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals in any crime so committed. (Pen. Code, §§ 31, 971.)

The judgment is affirmed. (Pen. Code, § 1237, subd. 1.)

White, P. J., and Doran, J., concurred.